## PETITE v. UNITED STATES.

No. 45.  Decided February 23, 1960.

*Edward Bennett Williams, Raymond W. Bergan* and *Agnes A. Neill* for petitioner.

*Solicitor General Rankin, Assistant Attorney General Wilkey, Wayne G. Barnett, Beatrice Rosenberg* and *Jerome M. Feit* for the United States.

PER CURIAM.

Petitioner was indicted, with others, in the Eastern District of Pennsylvania for conspiring to make false statements to an agency of the United States at hearings held in Philadelphia and Baltimore under proceedings for the deportation of an alien.   Petitioner was also separately indicted for suborning perjury at the Philadelphia hearings.   Petitioner's co-defendants pleaded guilty to the conspiracy charged.   Petitioner went to trial on both indictments, but at the close of the Government's case he

changed his plea to *nolo contendere* to the conspiracy charge, and the Government dismissed the subornation indictment. He was fined $500 and sentenced to two months' imprisonment, which he served. Petitioner was subsequently indicted in the District of Maryland for suborning the perjury of two witnesses at the Baltimore hearings. Among the overt acts which had been relied upon in the Pennsylvania conspiracy indictment was the testimony of these two witnesses. Because of this, petitioner moved to dismiss the Maryland indictment on the ground of double jeopardy, but his motion was denied, 147 F. Supp. 791, and the conviction which resulted was affirmed by the Court of Appeals for the Fourth Circuit, 262 F. 2d 788.

Thereupon a petition for a writ of certiorari was filed with the double jeopardy issue as the single question presented, and certiorari was granted. 360 U. S. 908. The Government did not oppose the granting of this petition, but informed the Court that the case was under consideration by the Department of Justice to determine whether the second prosecution in the District of Maryland was consistent with the sound policy of the Department in discharging its responsibility for the control of government litigation wholly apart from the question of the legal validity of the claim of double jeopardy.

In due course the Government filed this motion for an order vacating the judgment below and remanding the case to the United States District Court for the District of Maryland with directions to dismiss the indictment. It did so on the ground that it is the general policy of the Federal Government "that several offenses arising out of a single transaction should be alleged and tried together and should not be made the basis of multiple prosecutions, a policy dictated by considerations both of fairness to defendants and of efficient and orderly law enforcement."

The Solicitor General on behalf of the Government represents this policy as closely related to that against duplicating federal-state prosecutions, which was formally defined by the Attorney General of the United States in a memorandum to the United States Attorneys. (Department of Justice Press Release, Apr. 6, 1959.) Counsel for petitioner "joins in and consents" to the Government's motion.

The case is remanded to the Court of Appeals to vacate its judgment and to direct the District Court to vacate its judgment and to dismiss the indictment. In the interest of justice, the Court is clearly empowered thus to dispose of the matter, 28 U. S. C. § 2106, and we do so with due regard for the settled rule that the Court will not "anticipate a question of constitutional law in advance of the necessity of deciding it." *Liverpool, New York & Philadelphia S. S. Co.* v. *Commissioners of Emigration*, 113 U. S. 33, 39. By thus disposing of the matter, we are of course not to be understood as remotely intimating in any degree an opinion on the question of double jeopardy sought to be presented by the petition for certiorari.

MR. CHIEF·JUSTICE WARREN, concurring.

· I concur with the judgment of the Court, but desire to record my reasons for so doing.

The Solicitor General, who has statutory authority to conduct litigation in this Court,[1] has requested us to vacate the judgment and remand for dismissal in the interests of justice. The petitioner has consented. Under these circumstances, I believe that 28 U. S. C. § 2106 empowers us to entertain the motion.[2]

---

[1] 1 Stat. 92; 16 Stat. 162; R. S. § 359; 5 U. S. C. § 309.

[2] Section 2106 reads as follows:

"The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree,

Authority to grant this type of motion is one thing, however, and determination of the considerations relevant to a proper exercise of that authority is another. As I believe that the Court should not deny all such motions peremptorily, so do I believe that we should not automatically grant them through invocation of the policy of avoiding decision of constitutional issues. There are circumstances in which our responsibility of definitively interpreting the law of the land and of supervising its judicial application would dictate that we dispose of a case on its merits. In a situation, for example, where the invalidity of the judgment is clear and the motion to vacate and remand is obviously a means of avoiding an adjudication, I think we would be remiss in our duty were we to grant the motion.

But this is not such a case. Although a full hearing might well establish petitioner's contention that his conviction violated the Double Jeopardy Clause of the Constitution, no devious purpose can be ascribed to the Government, which asserts that the prosecution of petitioner "was . . . by inadvertence," and that it "does not intend to take [such action] in the future." Its representation with respect to future practice is given support by the Attorney General's memorandum to United States Attorneys which establishes a closely related policy against successive federal-state prosecutions; and the reasonableness of its request is demonstrated by the fact that this memorandum was issued after the prosecution, the conviction, and the judgment of the Court of Appeals in this case. For these reasons the action requested is, in the words of § 2106, "just under the circumstances."

---

or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances." ·

MR. JUSTICE BRENNAN, with whom MR. JUSTICE BLACK and MR. JUSTICE DOUGLAS join.

The Government has commendably done the just and right thing in asking us to wipe the slate clean of this second federal conviction for the same criminal conduct. But with all deference, I do not see how our duty can be fully performed in this case if our action stops with simply giving effect to a "policy" of the Government—a policy whose only written expression does not even cover the case at bar. Even where the Government confesses error, this Court examines the case on the merits itself, *Young* v. *United States,* 315 U. S. 257, 258–259, and one would not have thought our duty less in this case—particularly where the Government has reserved the right to apply or not apply its "policy" in its discretion. Presumably this reservation would apply to cases at the appellate level as well. "[T]he proper administration of the criminal law cannot be left merely to the stipulation of parties." *Id.,* at 259. I believe that the Double Jeopardy Clause of the Fifth Amendment was an insurmountable barrier to this second prosecution. My reasons supporting this view have been detailed in my separate opinion in *Abbate* v. *United States,* 359 U. S. 187, 196. On this basis I agree that the judgment of the Court of Appeals is not to stand; but I would reverse it on the merits.